UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT  DIVISION

| | |
|---|---|
| IN RE: }<br>}<br>ERIN BUCKINGHAM }<br>   Debtor/Debtor-in-possession }<br>}<br>}<br>} | CASE NUMBER: 19-16655<br><br><br><br><br>CHAPTER 11 |

PLAN OF REORGANIZATION

    Erin Buckingham, debtor and debtor-in-possession ("Buckingham" or "Debtor"), hereby proposes this Plan of Reorganization, (hereinafter "Plan") pursuant to the provisions of Chapter 11 of Title 11 of the United States Code.

ARTICLE 1
Definitions

    Unless otherwise defined herein, all terms used in this Plan (hereinafter "Plan") and defined in the Bankruptcy Code (as defined below) shall have the meanings set forth in the Bankruptcy Code. All capitalized terms shall have the meanings set forth herein:

    1.1. <u>Administrative Claim</u>. A claim for costs and expenses incurred in connection with the administration of Debtors' Estate, including the formulation and implementation of this Plan, allowable in accordance with § 503(b) and entitled to priority under § 507(a)(1) of the Bankruptcy Code in the amount approved by the Bankruptcy Court.

    1.2. <u>Allowed</u> <u>Amount</u> or <u>Allowed Claim</u> shall mean:

        1.2.1. the amount of a Claim (as defined in § 101(5) of the Bankruptcy Code) that has been allowed in accordance with the Bankruptcy Code by a Final Order or by this Plan; or

        1.2.2. the amount of a Claim, proof of which has been timely filed with the Bankruptcy Court or that is listed in the Schedules D, E, or F (Statement of Liabilities of Debtor) filed by the Debtor with the Bankruptcy Court, as they may from time to time be amended or supplemented in accordance with Federal Rule of Bankruptcy Procedure 1009, as undisputed, noncontingent. and liquidated, as to which Claim:

    1.2.2.1.  no objection to the allowance thereof has been filed within any period of limitation fixed by the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3003, Orders of the Bankruptcy Court or this Plan, or

    1.2.2.2.  an objection to the allowance thereof has been filed, which objection has been denied, or the claim fixed as to amount, by a Final Order or judgment which has become final by reason of the expiration of the period of appeal therefrom or from any decision on appeal without any further appeal having been taken, or

    1.2.2.3.  with respect to fees and expenses of Professional Persons, the amount of such fees and expenses allowed by Final Order of the Bankruptcy Court.

  1.3.  Ballot. The ballot for accepting or rejecting this Plan in form and substance as attached hereto as Exhibit A.

  1.4.  Bankruptcy Code. Title 11 of the United States Code (U.S.C.) as enacted on April 20, 2005, by The Bankruptcy Abuse and Consumer Protection Act of 2005, S. 256, Pub. L. No. 109-8, 119 Stat. 23, effective on October 17, 2005, as applicable to this bankruptcy case, and any subsequent amendments thereto.

  1.5.  <u>Bankruptcy Rules</u>. The Federal Rules of Bankruptcy Procedure, as amended.

  1.6.  <u>Bar Date</u>. The deadline established by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3) as the bar date. The Bar Date shall be the date before which Claims must be filed (unless filing is excused under the Bankruptcy Code), failing which such Claims are disallowed for purposes of voting and distribution. By order the Bar Date deadline for the timely filing of proofs of claim is 9/23/19 for all creditors except a governmental unit and  for a governmental unit.

  1.7.  <u>Case.</u> This reorganization case of Erin Buckingham.

  1.8. <u>Cash Assets</u>. All cash and cash equivalents, bank accounts, contracts, contract rights, general intangibles, deposits, refundable prepaid expenses, unearned premiums, and cash surrender value of insurance policies, lease deposits, proceeds derived from notes receivable, accounts receivable, and causes of action of the Debtor and Debtor-in-Possession .

  1.9. <u>Claim(s)</u>. Any and all present and future claim(s) against Debtor as defined in § 101(5) of the Bankruptcy Code, including, but not limited to, priority and general claims and any and all claims arising from the rejection of executory contracts and unexpired leases of Debtor.

  1.10. <u>Collateral</u>. Property in the possession of Debtor as of the Filing Date, and the proceeds thereof as provided by 11 U.S.C. § 552, in which one or more Creditors hold consensual or non-consensual interests securing indebtedness owed to them by Debtors. Creditors shall not have

a security interest in property acquired after the Filing Date unless they have been granted such by court order during the pendency of this Case.

1.11. <u>Confirmation.</u> Entry by the Court of an Order confirming this Plan in accordance with the provisions of the Bankruptcy Code, which Order in fact becomes a Final Order fourteen (14) days from entry thereof.

1.12. <u>Confirmation Date.</u> The date on which the Confirmation Order described in paragraph 1.13 below is entered in the Case.

1.13. <u>Confirmation Order.</u> The Order described in paragraph 1.12 above entered by the Court to confirm this Plan or any modification thereof, pursuant to 11 U.S.C. § 1129.

1.14. <u>Court.</u> The United States Bankruptcy Court for the District of Maryland shall retain jurisdiction over Debtor and her property as set forth in this Plan.

1.15. <u>Creditor.</u> The holder of a Claim.

1.16. <u>Debtor.</u>  Erin Buckingham.

117. <u>Disputed Claim</u>. Any Claim for which an Allowed Claim has not been determined.

1.18. <u>Distribution Date</u>. The Effective Date of the Plan of Reorganization, that is thirty (30) days from the date of the entry of the Confirmation Order of the Plan of Reorganization, which first Distribution Date shall be no earlier than the 90th day following the Effective Date of the Plan of Reorganization and every 90th day thereafter.

1.19. <u>Effective Date</u>. The thirtieth (30th) day after Confirmation, unless implementation of the Plan is stayed pending appeal, in which case the first day after the appeal is finally resolved in favor of confirmation of this Plan or the stay is otherwise dissolved (but no earlier than the thirtieth (30th) day after Confirmation).

1.20. <u>Estate.</u> The estate of Debtor created pursuant to Bankruptcy Code § 541 upon the commencement of the Case.

1.21. <u>Filing Date</u>.  The date upon which the Debtor filed her Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code commencing the Case.

1.22. <u>Final Order</u>. An Order of Court or of an appellate court from which all rights of appeal have been exhausted unsuccessfully, or regarding which the time for appeal has expired with no appeal having been perfected.

1.23. <u>Impaired</u>. Any Class of Claims or Interests treated under this Plan in a manner as described in § 1124 of the Bankruptcy Code.

1.24. <u>Monthly Report</u>. A financial report summarizing the Debtor's income and expenses on a calendar month basis.

1.25  <u>Net Revenue (or Disposable Income)</u>. The net revenue, or Disposable Income, of the Debtor shall be her gross income less: (i) all costs of goods and services; (ii) all taxes due as a result of the earning of such income or otherwise; (i ii) all living expenses; and (iv) all taxes, including but not limited to income taxes and capital gains taxes, due as a result of the disposition in any form of any Estate asset.

1.26.  <u>Plan</u>. This Plan of Reorganization in its present form or as it may hereafter be amended or modified.

1.27. <u>Priority Claim</u>. An Unsecured Claim (including a Tax Claim and an Administrative Claim) entitled to priority of payment under § 507 of the Bankruptcy Code.

1.28. <u>Professional Person</u>. An individual or organization employed pursuant to Final Order of the Bankruptcy Court as required by 11 U.S.C. § 327(a).

1.29. <u>Rejection Claim</u>. A claim arising under 11 U.S.C. § 502(g) and any Claim of a holder of an executory contract as defined in the Bankruptcy Code which pursuant to a Final Order of the Court is Allowed as a Claim under 11 U.S.C. § 502(g).

1.30. <u>Secured Claim</u>. A claim of an entity which is secured by a lien, security interest, or encumbrance which is either consensual or arises by operation of law or Order of Court and which is properly perfected under applicable law, to the extent of the value of such entity's interest in Debtor's interest in the Collateral.

1.31. <u>Secured Creditor</u>. The holder of a Secured Claim.

1.32. <u>Tax Claim</u>. A Priority Claim by taxing authorities entitled to payment in accordance with § 507(a)(8) of the Bankruptcy Code.

1.33. <u>Unsecured Claim</u>. A claim against the Debtor but excluding Priority Claims, Tax Claims, and Secured Claims, the holder of an Unsecured Claim being an "Unsecured Creditor".

1.34. <u>Unsecured Creditor</u>. The holder of an Unsecured Claim whose Allowed Claim shall be paid from the Creditors Distribution Fund.

ARTICLE 2

<u>Classification of Claims and Interests</u>

The creditors are divided into the following Classes:

2.1. <u>Class 1 -- Administrative Claims</u>. This Class consists of holders of Allowed Administrative Claims incurred in the administration of the Case including Allowed Administrative Claims for the fees and expenses of Professional Persons as allowed by the Court, including the costs and attorneys' fees incurred in the preparation and resolution of the Plan and the Disclosure Statement relating hereto.

2.3. <u>Class 3 -- Allowed Secured Claim of Ally.</u> Claim filed by Ally secured by property of the estate.

2.4. <u>Class 4 -- Allowed Secured Claim of US Bank.</u> Claim filed by US Bank secured by property of the estate.

2.4. <u>Class 5 -- Allowed Unsecured Claims</u>. This Class consists of the Allowed Unsecured Claims, as described in §§ 1.33 and 1.37 of the Plan, held by Unsecured Creditors whose Claims are not entitled to priority and who hold Unsecured Claims.

<u>ARTICLE 3</u>
<u>Treatment and Impairment of Claims and Interests</u>

3.1. <u>Class 1 -- Administrative Claims.</u>

3.2.1. Professional Persons holding Allowed Administrative Claims in Class 2 shall receive cash and shall be paid in full the unpaid portion of any Allowed Administrative Claim on the earliest of (a) the Effective Date, or (b) the date on which an Administrative Claimant becomes the holder of an Allowed Administrative Claim, or (c) eleven (11) days after the date on which an Order is passed by the Court allowing such Administrative Claim, that is upon the entry of a Final Order approving such compensation and reimbursement of expenses, or (d) in accordance with the terms of a promissory note(s) which the Debtor may execute to reflect terms agreed upon between the Debtor and the holder of such Allowed Administrative Claim.

3.2.2. The holders of Allowed Administrative Claims other than Professional Persons shall receive cash and shall be paid in full after the payment of the Allowed Administrative Claims of Professional Persons.

3.2.3. All payments to holders of Allowed Administrative Claims shall be deemed paid in the ordinary course of the Debtor's financial affairs. Administrative Claims incurred by the Debtor in the ordinary course of her financial affairs during the pendency of this Case shall be paid

in the ordinary course of business in accordance with the terms and conditions of any agreement relating thereto or as may be otherwise agreed.

      3.2.4. Allowed Claims in this class for post-confirmation professional services, costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case are subject to the approval of the Court as reasonable.

      3.2.5. Allowed Administrative Claims in Class 2 are not impaired, are being accorded the treatment required by 11 U.S.C. § 1129(a)(4), and as such are not claims for voting purposes.

    3.2. <u>Class 2 -- Allowed Secured Claims of Ally.</u>

      3.2.1. Ally and the Debtor have entered into a Consent Order with respect to the claim. Ally will retain all its rights to enforce the Consent Order. Class 3 is not impaired by the Plan.

    3.3. <u>Class 3 -- Allowed Secured Claims of US Bank.</u>

      3.3.1. Debtor proposes to make monthly payments to US Bank in the amount of the monthly payment due for each post-petition month.

      3.3.2 In the event that the Debtor determines in her sole discretion that it is in his best interests to sell the real property and improvements known as 11608 Luvie Ct., for any reason, including to fund the payment of any obligation required by. and in order to fulfill the requirements of. this Plan, then in such event, without further Order of, or recourse to, the Court, the Debtor shall be authorized to sell and to convey such real property and improvements free and clear of the lien and encumbrance held by the Class 3 Claimant, with such lien transferring to and attaching to the net proceeds from any such sale in the order of its priority which lien shall be paid at the time of the settlement of the sale of said real property and improvements.

    3.4. <u>Class 4 -- Allowed Unsecured Claims.</u>

      3.4.1. A distribution in the amount of $100 per month will be made to holders of allowed unsecured claims, pro rata.

    3.5. <u>Allowed Priority Claims of Governmental Units.</u>

With respect to a claim of a kind specified in section 507(a)(8) of title 11, the holder of such claim will receive on account of such claim regular installment payments in cash—
    ( i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;
    (ii) over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and

(iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b)); and (D) with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C

## ARTICLE 4
## Voting Upon this Plan

4.1. Form of Ballot. Creditors shall vote to accept or reject this Plan upon the Ballot form attached hereto as Exhibit A.

4.2. Class Voting. While for convenience of reference for purposes other than voting, this Plan refers as "Classes" to groups of Creditors.

4.3. Receipt of Ballots. For Ballots to be counted, they must be received on or before the deadline established by the Court.

## ARTICLE 5
## Implementation and Execution of the Plan

5.1. Provision for Rejecting Classes. With respect to any Class of Creditors which is affected by and does not accept the Plan by the majority required by Chapter 11 of the Bankruptcy Code, adequate protection for the realization by them of the value of their debts against the property dealt with by the Plan and affected by such debts shall be provided in the Order Confirming the Plan by any of the methods prescribed in the Bankruptcy Code.

5.2. Funding of Plan. The funds necessary for the implementation of the Plan of Reorganization and the satisfaction of Allowed Claims of Secured creditors shall be paid from the gross future income of Debtor and her spouse. The funds necessary for the implementation of the Plan of Reorganization and the satisfaction of Administrative, Priority, Unsecured Creditors and Interest Holders shall be generated and derived from the Debtor's Net Revenue/Disposable Income for the term provided for in § 1.25 above.

5.3. Avoidance Claims. After the Effective Date, the Debtor in her sole discretion shall decide whether to pursue any preference, fraudulent conveyance, or other avoidance claim or any other cause of action and shall be authorized in their discretion to commence and/or continue any action under §§ 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code and any other cause of action, right to payment, or claim that may have belonged to the Debtor or to the Estate. The Debtor reserves for herself and for her Estate the right to commence and/or continue or to terminate any and all such causes of action.

5.4. Disbursements. Distributions to holders or Allowed Claims shall be made at the addresses set forth in the Schedules or in the proofs of claim filed by Creditors. If any Creditor's Distribution is returned as undeliverable, no further Distributions to such Creditor shall be made unless and until the Debtors are notified of such Creditor's current address, at which time all missed Distributions shall be made to such Creditor without interest. All claims for undeliverable Distributions shall be made within thirty (30) days from the date on which such Distribution was initially made and all unclaimed property and funds, and any and all interest thereon, shall become the exclusive property of the Reorganized Debtors.

5.5. Retention and Title to Assets. Title to any and all of the Debtor's assets, whether or not dealt with in the Plan, shall revest in the Debtor free and clear of all liens, encumbrances, and Claims except as otherwise set forth in the Plan. Upon the entry of an Order of Confirmation, the Debtor shall remain in possession of her assets, to the extent not surrendered or sold, free and clear of all liens, security interests, and encumbrances, subject only to outstanding liens, if any, which are not avoided by the Debtor or by this Plan.

5.6. Effect of Court Orders.

5.6.1. Post-petition Financing Orders. All Final Orders authorizing Debtor to incur debt shall survive the Confirmation of the Plan, and the terms and provisions of said Final Orders and all documents executed pursuant to the authority granted by such Final Orders shall continue in full force and effect post-Confirmation.

5.6.2. Cash Collateral Orders. All Secured Claims and Administrative Claims arising from the existence, operation, and effect of any Final Order authorizing Debtor to use cash collateral shall be Allowed Claims, and any Creditor holding such Allowed Claims shall file, with the Court, a proof of claim with respect thereof on or before the Effective Date. Nevertheless, the terms of all such Final Orders shall cease to be effective and shall be null and void in all respects upon the Effective Date of this Plan and the Debtor shall have the unfettered right to use all Cash Assets, Collateral, and Net Revenue in any manner the Debtor deems proper or advisable subject only to the performance of her obligations under this Plan and as may be required by the Confirmation Order.

5.6.3. Post-petition Valuation Orders. All Final Orders valuing collateral, restructuring a Secured Claim, and authorizing Debtor to make payment on a restructured Secured debt shall survive the Confirmation of the Plan, and the terms and provisions of said Final Orders and all documents executed pursuant to the authority granted by such Final Orders shall continue in full force and effect post-Confirmation.

5.7. Time Bar to Payments. Payments and Distributions pursuant to the Plan shall be made by check drawn on a domestic bank. Checks issued pursuant to the Plan in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days from the date of issuance thereof as will appear on the face of such check. Requests for re-issuance of any check shall be made directly to the Debtor by the Creditor of the Allowed Claim with respect to which such check was originally issued.

Any claim with respect to such a voided check shall be made on or before ninety-one (91) days from the date of the issuance of such check as appears on the face of such check. After the expiration of ninety-two (92) days from the date of the issuance of such check as appears on the face of such check, all claims in respect to such void checks shall be forever barred, and the all unclaimed property, distributions, and funds, and any and all interest thereon, shall become the property of the Reorganized Debtors.

## ARTICLE 6
## Disputed Claims

6.1. General Matters and Time for Filing. All Disputed Claims shall be resolved in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure and shall only be entitled to receive a Distribution according to Classes as provided in the Plan, as of the date and to the extent each such Claim is Allowed by entry of a consent order or a Final Order.

6.2. Filing of Objections by Debtor. All objections by Debtor to Claims or Ballots shall be filed within ninety (90) days following the Effective Date or be forever barred, unless the objection relates to a Claim filed after the Effective Date in which case the objection may be filed within ninety (90) days of the filing of such Claim provided that the Debtor shall have been provided with a copy of such post-Effective Date Claim. In the event that Debtor shall not have been provided with a copy of such post-Effective Date claim, the Debtor shall have ninety (90) days from the date of discovery of such post-Effective Date claim by the Debtor within which to file such objection and such objection shall aver that the Debtor had no such knowledge of the post-Effective Date claim prior to ninety (90) days prior to the filing of such objection.

6.3. Filing of Objections by Parties in Interest. Any party other than the Debtor objecting to Claims that existed or arose on or before the Filing Date, or that are listed as undisputed. noncontingent and liquidated in the Debtor's Schedule D, E, or F, must file such objection within thirty (30) days from the Confirmation Date and shall serve a copy of such objection upon the Debtor and her undersigned counsel.

6.4. Standing. Debtor or any other person having standing under the Bankruptcy Code may file objections to claims, on any proper basis, including improper amount, improper classification hereunder, lack of consideration, or otherwise, including but not limited to the status of any agreement, contract, pledge, or other instrument or document as void, voidable, or in any other manner invalid.

6.5 Claims from Executory Agreements. All Claims arising from the rejection of executory contracts or unexpired leases under this Plan shall be filed within twenty (20) days after the Confirmation Date. All such claims, unless specifically admitted by the Debtor, shall be treated as Disputed Claims. Any such claims not filed within the time frame specified herein and required by this Section are discharged and shall forever be barred as Claims against the Debtor.

6.6 Setoffs. Except as otherwise provided in the Plan, the Debtor may setoff against any Claim, claims of any nature that the Estate or Debtor may have against a Creditor, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor of any such claim or setoff that the Estate or the Debtor may have against such Creditor.

ARTICLE 7
Execution and Delivery of Necessary
Documents or Instruments

7.1. Power of Attorney. The holders of all Claims against the Debtor or Claims against or interests in property of the Debtor's Estate will execute and deliver all instruments and documents as are necessary to implement this Plan including those required to release liens and security interests in Collateral. In the event that the holder of such a Claim or interest fails or refuses to execute, deliver, and/or record such instrument or document as required by this Plan, then Debtor, or any other person entitled to act on behalf of the Debtor shall, automatically upon Confirmation, be constituted as the attorney-in-fact to perform such execution, delivery, and/or recordation as fully as could such holder. This power shall survive disability, incompetence, and death of the Debtor and shall survive the Confirmation of the Plan.

ARTICLE 8
Effect of Confirmation

8.1. Persons Bound. Upon the entry of the Confirmation Order, the provisions of this Plan shall bind Debtor, any entity acquiring property under the Plan, Creditors and holders of all interests, whether or not the claim of such Creditor or the interest is impaired under the Plan and whether or not such Creditor or holder of an interest has accepted the Plan.

8.2. Discharge. Debtor shall be entitled to receive a discharge of all obligations and liabilities, contractual or otherwise, upon completion of all payments under this plan as provided by the Bankruptcy Code in 11 U.S.C. § 1141(d)(5)(A) or under the provisions of 11 U.S.C. § 1141(d)(5)(B) if the Debtor has not completed all payments under the plan..

8.3. Waiver. The Confirmation Order shall waive and discharge for all Creditors, other than the holders of fully Secured Claims, all interest, late charges, penalties, attorneys' fees, expenses, court costs, and any other charges of any kind, whether accrued or assessed, which are not expressly set forth in this Plan to be paid. This provision shall not apply to any Allowed Claims held by the Internal Revenue Service or the State of Maryland, or any other political or governmental subdivision, interest, if any, on which Allowed Claims shall be paid as provided for in the preceding paragraphs, and which asserted penalties, if any, shall be paid as general unsecured claims as provided above. All attorney's fees which are a component of any Claim shall be subject to review and determination by the Bankruptcy Court based on a reasonableness standard and shall only become a portion of an Allowed Claim to the extent authorized by a Final Order of the Bankruptcy Court.

8.4. Lien Avoidance. The entry of the Confirmation Order shall not prohibit the Debtor from the filing of any action for the avoidance of any judicial lien against the Debtor's assets whether owned individually by either of the Debtor or jointly by the Debtor with each other or with another person or entity.

8.5. Property Transactions. The Confirmation Order shall entitle the Debtor to sell, convey, or encumber her property in any manner without further Order of the Court.

8.6. Financial Affairs. The Confirmation Order shall entitle the Debtor to manage her financial affairs without further Order of the Court.

8.7. Injunction Imposed. The Confirmation Order shall enjoin any action against the Debtor and shall constitute the imposition of a permanent injunction in favor of the Debtor precluding the commencement or continuation of any action or the issuance of any process to the fullest extent permitted and contemplated by 11 U.S.C. §§ 105, 362, and 524 with respect to any debt, obligation, Claim, or guaranty arising prior to the Petition Date and any debt, obligation, Claim, or guaranty classified in any Class in this Plan, except the claim for professional compensation in Class 2.

8.8. Modification and Subrogation of Claim. The Confirmation Order shall not prejudice the right of the Debtor to negotiate with any Creditor for the payment of any claim, debt, or obligation on terms different than herein provided in the sole discretion of the Debtor. The receipt by any Creditor of any sum on its Allowed Claim from any non-debtor third party shall reduce dollar-for-dollar the obligation of the Debtor under this Plan, without any modification of the Debtor to perform any obligation under this Plan, it being the right of such non-debtor third party payor to be subrogated to the Claim and Distribution to which such Creditor may have been entitled to the extent of the payment made by such payor to such Creditor for the benefit of the Debtor.

8.9. New Credit. The Confirmation Order shall permit the Debtor in her discretion to obtain new and additional credit and/or loans from any source, which credit or loans may he secured by the Debtor's assets without further Order of the Bankruptcy Court.

8.10. Limitations of Liability. Debtor and her attorneys, agents, and other professionals whose employment was approved by the Bankruptcy Court during the Case shall neither have nor incur any liability to any entity for any act taken or omitted to be taken prior to the Confirmation Date in connection with or related to the Case, including but not limited to: (1) any act taken or omitted to be taken in connection with, related to or leading to the filing of the Chapter 11 Case; (2) any act taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, or Confirmation of the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release or other agreement or document created or entered into, or any other act taken or omitted to be taken in connection with, the Plan, the Disclosure Statement or the Confirmation Order; or (3) any act taken or omitted to be taken in connection with any estimation, projection, evaluation or investigation undertaken or prepared in connection with the formulation of the Plan, the Disclosure Statement or the Confirmation Order; provided, however, that the foregoing

provisions shall have no effect on the liability of any person that would otherwise result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct.

## ARTICLE 9
## Reorganized Debtor

9.1. Debtor following the entry of an Order of Confirmation shall be responsible for:

    9.1.1. Keeping complete and accurate books and records;

    9.1.2. Employing professionals, if necessary;

    9.1.3. Reviewing all proofs of claim and amended proofs of claim filed in this case and objecting to such if warranted;

    9.1.4. Pursuing preference or fraudulent conveyance claims, if any, as it determines sale to be in the best interests of Creditors and Debtor;

    9.1.5. Making all distributions to Creditors under this Plan in accordance with the amounts of the Allowed Claims;

    9.1.6. Determining whether to sell by private sale or public auction any asset, or to otherwise dispose of same in their discretion;

    9.1.7. Taking any and all actions that are necessary to effectuate the provisions of the Plan;

    9.1.8. Performing the execution, delivery and/or recordation to the extent necessary as attorney-in-fact in the event a claim or interest holder fails to do so as required by the Plan; and

    9.1.9. Managing her financial affairs; maintaining possession of her assets, to the extent not surrendered pursuant to this Plan, subject only to outstanding liens, if any, which are not avoided by the Debtor or this Plan; selling, transferring, or otherwise disposing of her assets; borrowing funds, or conducting any manner of her business or financial affairs without further Order of the Bankruptcy Court.

    9.1.10. Taking any necessary actions in an attempt to have the Case closed as soon as practicable.

## ARTICLE 10
## Amendments and/or Modifications

10.1. The Debtor may modify this Plan at any time before the Confirmation Date, but may not modify the Plan so that the Plan as modified fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123 of the Bankruptcy Code. After the Debtor files a modification with the Bankruptcy Court, the Plan as modified becomes the Plan.

10.2. The Debtor may modify this Plan at any time after the Confirmation Date and before substantial consummation of this Plan, but may not modify the Plan so that the Plan as modified fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123. The Plan as modified under this subsection becomes the Plan only if the Bankruptcy Court, after notice and an opportunity for a hearing confirms such Plan, as modified, under 11 U.S.C. § 1129 of the Bankruptcy Code and circumstances warrant such modification.

10.3. Before or after the Confirmation Date, or in the Confirmation Order, the Debtor may, with approval of the Bankruptcy Court, and so long as it does not materially and adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or amend the Plan, in such manner as may be necessary to carry out the purposes and effect of the Plan.

### ARTICLE 11
### Jurisdiction

11.1. Until the Court enters an Order closing the case, the Court shall retain jurisdiction to:

11.1.1. Classify the Claim of any Creditor and to re-examine Claims which have been allowed for purposes of voting and to determine objections to the Claims of Creditors. The failure by the Debtor to object to, or to examine, any Claim for the purposes of voting shall not be deemed a waiver of the Debtor's right to object to, or to re-examine, the Claim in whole or in part;

11.1.2. Determine all questions and disputes regarding title to assets of the Estate, to determine all causes of action, questions, controversies, disputes, conflicts, and litigation, whether or not subject to an action pending as of the Confirmation Date or that may arise subsequently thereto, between the Debtor and any other party or between third parties, including but not limited to any right of the Debtor to recover money or other property pursuant of the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure or that may substantially affect the Debtor's ability to carry out this Plan;

11.1.3. Correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary or appropriate to carry out the purposes and intent of this Plan;

11.1.4. Modify the Plan after Confirmation pursuant to the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure subject to Article 10, above;

11.1.5. Determine the reasonableness of, allow, and direct the disbursement of compensation for professional fees, costs, and expenses for approved professional services, including those incurred for post-confirmation services upon application filed by the Debtor with the Court to the extent that the Debtor may dispute the reasonableness of any such charges; and

11.1.6. Enforce and interpret the terms and conditions of this Plan, including but not limited to any agreement for the satisfaction of an Allowed Claim or the entry of a Judgment or Lien for the enforcement of an Order;

11.1.7. Enter any Order, including injunctions, as may be necessary or appropriate to enforce the title, rights, and powers of the Debtor and to impose such limitation, restriction, terms and conditions on such title, rights, and powers as the Court may deem necessary or appropriate to carry out the provisions of this Plan;

11.1.8. Perform any acts related to any other matters as may be set forth in the Confirmation Order;

11.1.9. Administer any adversary proceeding for the pursuit and recovery of any alleged preferential transfer, fraudulent conveyance, account receivable, claim, demand, or cause of action, or the recovery of any asset of the Estate, which the Debtor or her counsel shall be explicitly permitted and empowered to institute by virtue of the authority granted by this Section; and

11.1.10. Enter an Order concluding, terminating, and closing this case.

11.2. Except as provided in this Article, the Court's jurisdiction shall terminate as to this Case and this Case shall be terminated and closed on the earlier of (a) six (6) months from the Effective Date of the Plan, (b) the final disposition of all matters, if any, pending on that date, or (c) the day after the final payment is made to the Creditors of all the classes whose Claims are treated under this Plan, subject to being reopened upon application of a party in interest to consider a matter within the scope of § 11.1. of the Plan.

ARTICLE 12
Miscellaneous Provisions

12.1. Executory Contracts. The Debtor reserves the right to apply to the Court prior to the Confirmation Date to assume or reject any and all contracts or agreements which are executory pursuant to 11 U.S.C. § 365 of the Bankruptcy Code.

12.1.1. The Confirmation of the Plan shall automatically constitute a rejection of all pre-Filing Date executory contracts, agreements, pledges, unexpired leases, and obligations which have (i) not been rejected prior to that date, (ii) not assumed, in whole or in part, by prior Order of

the Court, (iii) for which an application has not been filed seeking an assumption thereof, or (iv) assumed under this Plan. If the rejection of an executory contract, agreement, pledge, unexpired lease, or obligation by the Debtor results in damage to the other party or parties to such instrument, a Rejection Claim for such damage, if not heretofore evidenced by a timely filed proof of claim, shall be forever barred and shall not be enforceable against the Debtors unless filed in accordance with § 6.6. of the Plan.

      12.1.2. Post-Filing Date contracts are not affected by this provision.

    12.2. Missing Persons. If any Creditor entitled to receive a Distribution from the Estate under this Plan cannot be located as a result of the first mailing of a distribution to such Creditor, that cash will be set aside in a segregated, non-interest-bearing fund to be maintained by the Debtor. If such creditor is located within ninety (90) days from the date of issuance of such distribution, the funds will be re-distributed to such Creditor. If such creditor cannot be located within ninety (90) days from the date of issuance of any payment, then any such cash and accrued interest thereon, if any, will become the property of the Estate to be shared pro rata among the located Creditors of the same class as the missing person, provided that the Reorganized Debtor is not required to attempt to locate any such Creditor, it being the obligation of the Creditor to notify the Debtor of changes in addresses. The term *pro rata* shall have the meaning as provided for in § 3.9.2. above.

    12.3. Calendar Matters. Whenever any payment to be made or any report to be provided under this Plan is due on a day other than a business day, such payment shall be made or report shall be dispatched on the next business day.

    12.4. Administrative Claims. All applications for allowance of administrative expenses pursuant to 11 U.S.C. § 507(a)(1) of the Bankruptcy Code shall be filed and served on the Debtor within sixty (60) days from the date of the Confirmation Order.

    12.5. Tender of Payment. The tender of payment to the holder of a Claim in any class treated under this Plan shall be deemed to effect a release and discharge by such holder on behalf of itself, its successors, assignors, heirs, executors, and personal representatives, of the Debtor and of all other persons and their property who may be liable for or subject to such claims, including guarantors.

    12.6. Service of Documents on Debtor. Any pleading, notice or other document required by the Plan or Confirmation Order to be served or delivered to the Debtor shall be sent by first class U.S. mail, postage prepaid, or by facsimile to:

> Marc Jordan
> 6030 Daybreak Circle, Ste 150-155
> Clarksville, MD 21029
> Telephone: (443) 472-2978
> Email: mjordan@jordantell.com

## ARTICLE 13
### Default

13.1. Events and Conditions of Default. Debtor shall be in default under the terms of this Plan upon the occurrence of any of the following events or conditions:

13.1.1. Debtor fails to make timely any disbursement to Class 21 Creditors within fifteen (15) days from the date on which it is due;

13.1.2. Debtor fails to make any disbursement to the Class 4 Creditors within thirty (30) days from the date on which it is due;

13.1.3. Debtor files voluntarily an assignment for the benefit of creditors; or

13.1.4. Any petition or application for any relief (other than the Case) under the Bankruptcy Code now or hereafter in effect or a case under any insolvency, reorganization, receivership, readjustment of debt, dissolution or liquidation law or statute of any jurisdiction now or hereafter in effect is filed by or against Debtor; provided, that Debtor shall have ninety (90) days from the date of filing of an involuntary petition to cure that default by obtaining dismissal of any such petition;

13.2. If a party in interest holding an Allowed Claim fails to receive payment as provided under the Plan, or if any party in interest questions the Debtor's compliance with the Plan in any way, such party shall give the Debtor and her counsel written notice thereof, and the Debtor may cure such nonpayment or noncompliance, if any, within twenty (20) days from its receipt of such notice.

ARTICLE 14
Acceptances of the Plan

14.1. Creditors shall send their Ballots (Exhibit A) to Debtor:

>Marc L. Jordan, Esq.
>6030 Daybreak Circle, Ste 150-155
>Clarksville, MD 21029

Dated:           2019            Respectfully submitted:
                                   /s/ Marc C. Jordan
                                 Marc L. Jordan
                                 6030 Daybreak Circle, Ste 150-155
                                 Clarksville, MD 21029
                                 Telephone: (443) 472-2978

```
                UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF MARYLAND
                      GREENBELT DIVISION

      IN RE:                    }
                                }     CASE NUMBER: 19-16655
Erin Buckingham                 }
                                }
                                
                                }
DEBTOR.                         
                                }           CHAPTER 11
```

BALLOT FOR ACCEPTING OR REJECTING PLAN

    The Plan of Reorganization referred to in this Ballot can be confirmed by the United States Bankruptcy Court and thereby made binding on you if it is accepted by the holders of two-thirds (2/3) in amount, and more than one-half (1/2) in number of claims in each class, and the holders of two-thirds (2/3) in amount of equity security interests, in each class voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class rejecting it. TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS BALLOT. Return of this Ballot accepting or rejecting a Plan will be deemed to be the filing of a proof of claim only for the purposes of computing the vote. This Ballot should be returned to:

Marc L. Jordan
6030 Daybreak Circle, Ste 150-155
Clarksville, MD 21029

    The undersigned, a creditor of the above-named Debtor in the unpaid principal amount of _____,

(Check One Box):    (  ) ACCEPTS
                        (  ) REJECTS

    The Plan of Reorganization of the above-named Debtors filed on _____ and as approved by the Bankruptcy Court for the submission to creditors for your vote.

DATE: _____
PRINT OR TYPE NAME: _____
SIGNED: _____
BY: _____
TITLE: _____
ADDRESS: _____
_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 2, 2019 a true copy of the foregoing Plan of Reorganization was served by electronic filing and first class mail upon:Office of US Trustee, 600 Ivy Lane, Greenbelt, Md.

/s/ Marc L. Jordan<br>Marc L. Jordan